UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES A. FORD, JR.,<br><br>  Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, et al.,<br><br>  Defendants. | Civil Action No.  09-1243 (JEB) |

**MEMORANDUM OPINION**

Plaintiff James Ford was deemed disabled for purposes of the Social Security Act and approved for assistance in January 2006.  His benefits were significantly cut by the Social Security Administration soon thereafter, and he promptly disputed these reductions.  Due to an administrative error on the part of the Agency, it did not act on Plaintiff's appeal until he filed a *pro se* suit in the Superior Court of the District of Columbia in May 2009, which was subsequently removed to this Court.  The Agency then reviewed its decision to limit Plaintiff's benefits and concluded that the reduced payments had been correctly calculated.  It informed Plaintiff that he could again appeal this adverse decision if he wished to, but he has not done so.  Defendants have now filed a Motion to Dismiss on the principal grounds that Plaintiff failed to exhaust his administrative remedies and that constitutional-tort claims under 42 U.S.C. § 1983 are not available against federal actors.  Concurring, the Court will grant the Motion.

**I.     Background**

According to Plaintiff's Complaint, which must be presumed true for purposes of this Motion, an Administrative Law Judge approved social security benefits on his behalf in the amount of $1,043 per month in January 2006.  Compl., ¶¶ 3-4.  Several months later, Plaintiff

1

claims that he received a letter from the SSA informing him that his benefits would be cut to a total monthly amount of $600. Id., ¶ 5. He states that he appealed this decision in a timely manner, but continued to receive reduced benefits without ever learning of the result of his appeal. Id., ¶¶ 4-8. Plaintiff avers that he continued to inquire about his case, including by speaking to several supervisors at the SSA in June 2009 and writing a letter to Defendant Michael Astrue, the SSA Commissioner, in May 2009, all without results. Id., ¶ 10.

Having received no answer to his appeal from the Agency, Plaintiff ultimately filed suit in the Superior Court in May 2009. See Notice of Removal, Exh. A (Original Sup. Ct. File) at 5-9. The SSA then held a formal meeting on August 26, 2009, to reconsider Plaintiff's benefits in light of his suit and found that its 2006 decision to reduce his benefits was correct. Mot., Exh. 5 (Aug. 26, 2009, Notice of Reconsideration) at 1. The notice informing him of that decision explained that he could appeal the reconsideration determination within sixty days. Id. It is not disputed that Plaintiff has not yet appealed.

On July 17, 2009, Plaintiff filed an amended complaint in this Court, though he did not name it such. (It is this document to which the Court refers throughout this Memorandum Opinion.) Defendants have now moved to dismiss the case.[1]

## II.     Legal Standard

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor. Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993). The notice pleading rules are "not meant to impose a great

---

[1] In considering this Motion, the Court has reviewed Plaintiff's July 17, 2009, Complaint, Defendants' Motion to Dismiss, Plaintiff's Opposition thereto, Defendants' Reply, Plaintiff's Surreply, and Defendants' Status Report Addressing Plaintiff's Exhaustion of Administrative Remedies .

2

burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he or she must thus be given every favorable inference that may be drawn from the allegations of fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Twombly, 550 U.S. at 555, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

A motion to dismiss under Rule 12(b)(6) must rely solely on matters within the complaint, see FED. R. CIV. P. 12(d), which includes statements adopted by reference as well as copies of written instruments joined as exhibits. FED. R. CIV. P. 10(c).

**III.    Analysis**

   A.    Social Security Review Process

Defendants seek the dismissal of Plaintiff's Complaint for failure to state a claim. They argue first that Plaintiff can obtain no relief from this Court because he has not exhausted his administrative remedies, a necessary prerequisite to seeking judicial review of SSA decisions.

Any individual who, like Plaintiff, is dissatisfied with "any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ." 42 U.S.C. § 405(g) (emphasis added). Congress has made

clear that this is the only manner in which a decision by the Commissioner of Social Security may be challenged. § 405(h). What constitutes a "final decision" is defined through agency regulations rather than statutory text. See § 405(a); Weinberger v. Salfi, 422 U.S. 749, 766 (1975).

The SSA's regulations set out how a final decision may be obtained from the Commissioner. 20 C.F.R. § 404.900. First, an initial determination is made as to the person's eligibility or continued eligibility for benefits. § 404.902. A notice of this initial determination is issued, in which the claimant is informed that he must request reconsideration within 60 days of receipt of the notice. §§ 404.904, 404.909. Such reconsideration may take the form of a case review or a disability hearing, depending on what is at issue in the particular case. § 404.913. If dissatisfied with the result of the reconsideration, the claimant may once again appeal within 60 days of the receipt of the decision, this time by requesting a hearing before an administrative judge. § 404.933. Within 60 days of an unfavorable decision by an administrative judge, the claimant may apply for review by the Appeals Council. § 404.968. Review by the Council is discretionary, but the claimant must nonetheless petition for review in order to receive a final decision. See Sims v. Apfel, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases."). If the Council elects to review the claim, its decision will be final. § 404.981. If the Council declines review, the administrative judge's ruling will stand as the final decision, and the case will be ripe for juducial review. § 404.981, 955(b).[2]

---

[2] The process just described applies to disability insurance. Plaintiff has also requested review of his supplemental-security-income benefits. Judicial review of SSI decisions follows the same process. See 20 C.F.R. § 416.1400 (introduction), § 416.1413 (reconsideration, though note that in the SSI context, reconsideration may also take the form of an informal or formal conference), § 416.1433 (hearing before an administrative judge), § 416.1468 (Appeals Council review).

Plaintiffs are generally required to exhaust their administrative remedies before filing a suit in federal court. See Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003); Oglesby v. United States Dep't of the Army, 920 F. 2d 57, 61 (D.C. Cir. 1990). When it comes to judicial review of SSA decisions, exhaustion is a jurisdictional requirement because Congress has made it clear that only final decisions made by the Commissioner can be reviewed in federal court. 42 U.S.C. § 405(g). The Court thus cannot allow Plaintiff to go forward on his claim if it finds that he has not exhausted his administrative remedies. See I.A.M. Nat'l Pension Fund Ben. Plan C. v. Stockton TRI Indus., 727 F.2d 1204, 1208 (D.C. Cir. 1984) ("Only when Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision . . . has the Supreme Court held that exhaustion is a jurisdictional prerequisite.").

In this case, it is undisputed that Plaintiff has only completed the first two steps of the four-step SSA administrative-review process. The Agency conducted a reconsideration hearing in response to his initial appeal, but Plaintiff failed to move to step three – *i.e.*, requesting an ALJ hearing. See Defs. Status Rep. at 1. Because he did not request review by an administrative law judge, Plaintiff clearly failed to obtain a final agency decision. It is unfortunate that the SSA so long delayed its reconsideration decision in step two, but that does not alter Plaintiff's exhaustion requirements. As he has failed to satisfy those requirements, he cannot request review by the Court. See Sims, 530 U.S. at 107 ("If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases. In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies.") (internal citations omitted).

B.     42 U.S.C. § 1983

Plaintiff claims to be bringing more than a normal SSA-review action; in addition, he wants to hold the government liable under 42 U.S.C. § 1983. He thus responds to Defendants' exhaustion argument by stating that "exhaustion of administrative and judicial state remedies is not a prerequisite to a section 1983 action." Opp. at 3. Defendants reply that Plaintiff's constitutional-tort claim should be dismissed because § 1983 claims cannot be brought against federal actors. Mot. at 5; Def. Reply at 1.

The plain text of the statute favors Defendants' reasoning. Indeed, § 1983 provides relief against anyone who "under color of any statute . . . of any State or Territory or the District of Columbia, subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . ." (emphasis added). In other words, § 1983 permits suit against state, rather than federal, defendants. West v. Atkins, 487 U.S. 42, 49 (1988) ("To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor.") (internal quotations omitted) (alteration in original).

If Plaintiff sought to amend his Complaint again to bring a constitutional-tort claim against federal actors – for example, under 28 U.S.C. § 1331 – he would still be unsuccessful. The Supreme Court has allowed plaintiffs to go forward on constitutional torts against federal actors in certain circumstances. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). It has explicitly declined, however, to extend Bivens's remedy to plaintiffs claiming to have suffered constitutional violations at the hands of social security employees. See Schweiker v. Chilicky, 487 U.S. 412 (1988). The Supreme Court found

6

that "meaningful safeguards or remedies" already existed within the statutory framework of the Agency's review process. Id at 425. The Court thus deferred to "[c]ongressional competence at balancing governmental efficiency and the rights of [individuals] . . . ." Id. (internal quotation omitted). In part, the Court found <u>Bivens</u> claims to be unnecessary in the social security context because congressional scrutiny of that Agency's process is so intense. Id. at 425-26. It is thus clear that Plaintiff's § 1983 claim cannot survive this Motion, nor can he amend his Complaint to bring a § 1331 <u>Bivens</u> claim against the employees of the SSA.

**IV.    Conclusion**

Because the Court finds that Plaintiff has failed to exhaust his administrative remedies and cannot maintain a § 1983 action, the case will be dismissed. An Order consistent with this Opinion will be issued on this day.

**SO ORDERED**.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:   September 2, 2011